NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—
October, 1881.

## LEIDENTHAL *v.* CORRELL.

*In the matter of the final accounting of* FREDERICK CORRELL *and* JULIANNA CORRELL, *administrator and administratrix, etc., of* FREDERICK CORRELL, *deceased.*

The widow of decedent received, from benevolent societies of which he was a member, certain sums, the intended disposition of which was

indicated by their respective by-laws, etc., as follows: (1) from the death aid fund of Battery B, $150, "to be paid, on the death of a member, to the legal relatives;" (2) from Germania Lodge, $100, "a funeral money, to be paid, on the death of a brother, to his widow, children, survivors, administrators, heirs or such others as shall be entitled thereto;" (3) from Central Aid Association, $200, "to be received, on the death of a member, by those entitled to inherit, either under the will or by blood relationship (or the surplus, where the association has paid the funeral expenses);" (4) from Mount Horeb Camp, $100, "to defray the funeral expenses." The widow, also the administratrix, on her accounting, charged the estate with $218.10, the funeral expenses, but credited it with none of these sums.

*Held*, that the manifest purpose of the last three donations was to defray the funeral expenses, and that the widow, having received more than the amount of those expenses, could not charge the same against the estate; but that the excess, beyond those expenses, did not belong to the estate of decedent, and the personal representatives were not accountable, in the surrogate's court, therefor.

MOTION to confirm referee's report on administrator's final accounting ; opposed by Louisa Leidenthal, and others, children of decedent.

The only questions submitted for determination were as to the disposition of the various sums received by the widow of decedent, from benevolent societies of which the decedent was a member. She received from the death aid fund of "Battery B," $150 ; from Germania Lodge, No. 13, $100 ; from the Central Aid Association of I. O. O. F., $200 ; from Mount Horeb Camp, $100 :—in all, $550. Further facts sufficiently appear in the opinion.

M. C. GROSS, *for administrators*.

E. P. SCHELL, *for objectors*.

THE SURROGATE.—As to the $150, received by the widow as the death aid fund of Battery B, article 5 provides that, on the death of a member, there shall be paid to the legal relatives the sum of $150. It is clear to my

mind that this fund did not belong to decedent or his estate, and that the administrators, who are the administrators of the goods, chattels and credits of the decedent only, received the fund not as administrators, but for the benefit of the legal relatives of the decedent, and are therefore not accountable in this court therefor. It is probable that the term, legal relatives, should be held to mean widow and next of kin, but it seems to me too clear for argument that this court's jurisdiction over an accounting is with the representatives of the estate of a deceased person, in respect to such estate. Hence, the accounting administrators cannot be required to account in this proceeding for the $150, so received.

As to the $100, received from Germania Lodge, No. 13, the report of the referee finds that the widow received it, but that she has given no credit for it, though she has charged the estate with the payment of $218.10 for funeral expenses. By the by-laws, it is provided that, on the death of a brother, there shall be paid to his widow, children, survivors, administrators, heirs or such others as shall be entitled thereto, a funeral money of $100. Having received this money and charged the estate with funeral expenses, I am of the opinion that her charge for funeral expenses should be reduced $100, or, what will practically produce the same result, that she should be charged with the $100.

As to the $100, received from Mount Horeb Camp, the by-laws provide that the widow or adult heirs of a deceased member shall be paid $100, to defray the funeral expenses. The widow, having received this fund, should have devoted the same to that purpose, instead of using the funds of the estate therefor. Her charge for funeral

expenses should be reduced by that amount, or she charged therewith as assets on hand.

As to the $200, received from the Central Aid Association, the constitution provides that those entitled to inherit, either under a will, or by blood relationship, shall receive $200 on the death of a member, and, in case the funeral expenses have been defrayed by the association, the surplus remaining. The term, blood relationship, doubtless refers to next of kin, including the widow, and the provision just referred to is the only one of the latter three that indicates that the survivors are to have any right in the fund, except for funeral expenses. I am therefore of the opinion that, as to the balance of the charge for funeral expenses, they are properly covered by the $200, and that it was, therefore, the duty of the administrator to have paid the full funeral expenses out of the funds received for the purpose, and, as to the balance of this $200, it is not property of the estate, and the administrators cannot be required to account therefor in this proceeding, for the reasons stated respecting the sum received from the death aid fund of Battery B.

Ordered accordingly.